The opinion of the Court was delivered by
O’Neall, J.
In this case the question presented is one which I supposed had long ago been settled. When I was a student of the South Carolina College, in 1811 -and .1812, mileage was taxed and allowed to me, as a witness attending the Courts of Newberry. When I was admitted to the bar in 1814, and ever since, so far as my practise or knowledge extended, it was uniformly allowed.
It will be seen that the allowance arose out of the County Court Act of 1785, § 16, P. L., 872: it provides, that “ a witness shall be allowed 2s. 6d., lawful money for every day’s attendance” and where the witness resides in or is summoned out of another county he shall be allowed 2d. per mile for coming to, or returning from Court,, besides ferriages. The same section provides and allows thirty miles per day for the travelling of a witness, in coming to or returning from Court, in the protection from arrest.
Putting these two provisions together the construction was that a witness should be allowed five shillings per day of thirty .miles travel. Looking to the fee bill of 1791, it will be seen that the allowance to a witness is not confined to the days attending Court. The two provisions on this subject are, 1st,' “ To each material witness attending Court residing in the cities, towns, or villages, where the Court is held, per day, two shillings and four pence.” “ Each witness from the country *122 including horse hire, per day, four shillings and eight pence— all witnesses to be allowed their ferriage and toll.” It will be observed that these provisions relate to attendance in Charleston. Witnesses in the County Court were considered as entitled to this per diem when living out of the town or village where the Court sat, and when living out of the county instead of five shillings they were allowed four shillings and eight pence for every thirty miles travelling, this being considered a part of their attendance. This construction was well warranted by the term “ attending,” for a witness may very well be said to be attending from the day he sets out from home. When the County Courts were abolished in 1799, (Section 9, 2 Faust, 265,) this allowance was carried forward into the Courts of General Sessions and Common Pleas for each District. It will be seen that that Act only repeals all Acts repugnant to it. The provision about the travelling of witnesses was in no way repugnant to it, or the fee bill of 1791, and might therefore be very well considered as of force.
A witness too- is not regarded as an officer of the Court; the per diem allowance, in the Act of 1791, is put under the head of attorney’s fees, in extraordinary cases.' The witness is supposed to be paid by the attorney, and hence he is allowed for.it in the fee bill. In the note to Miller’s Comp, at page 109, “ the travelling and ferriage” of a witness who resides out of the district is supposed to be allowed to the party as a reimbursement for actual expenses.
If however the allowance' to a witness living out of the district for his travelling was more uncertain, it has been judicially recognized and allowed more than twenty years ago'in Cox, Maitland & Co. vs. The Charleston F. & M. Insurance Company, 3 Rich. 331, and it is now too late to question its correctness. In that case it was said, on examining the clerk’s taxation of the costs, which was submitted with the motion for a new trial: “ The charge for the travelling of a witness, who lives out of the district where the cause is tried, and for the *123 ferriage paid by him, is allowed in conformity to the Act of the Legislature. If the witness resides out of the State, that fact will not deprive him of the allowance for travelling and ferriage within the State.” The Act thus spoken of must have been the County Court Act, the provisions of which I have already set out.
In the G. & C. R. R. Company vs. Choice, 7 Rich. 40, it will be seen that Mr. Grantt was allowed mileage from Charleston, as a witness there residing.
The- motion to reverse the order of the circuit Judge is granted.
Wardlaw, Withers, Whitner and Mtjnro, JJ., concurred.
G-lover, J., absent at the argument.

Motion granted,